

# IN THE UNITED STATES DISRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROZELIA BALLARD,
    Plaintiff,

VS.

MASTERY CHARTER SCHOOL,
PHILADELPHIA SCHOOL DISTRICT
INTERCOMMUNITY ACTION,INC.
    Defendant.

CIVIL ACTION NO:

## COMPLAINT IN EQUITY FOR PERMAMENT INJUNCTION,
And
## PRELIMINARY INJUNCTION, REQUEST FOR RELIEF, DAMAGES
And
## SANCTIONS

    The unified efforts of these three entities and their agents to conspire for their cause of maintaining a de facto standard segregation against the integration of visibly or moderately disabled students has been the dominate factor for causing intentional distress and mental anguish to Mrs. Rozelia Ballard by a continual effort to deprive her daughter, Romance Ballard of her federal civil rights; and to maliciously slander Mrs. Ballard's and her daughter, Steffany Hendon's reputation and rights. Retaliation for Mrs. Ballard's response to Mastery Charter School's illegal violation of federal laws has been a secondary motive although the order of events are reverse.

    Mrs. Ballard immediately sought intervention from the CEO of Mastery Charter School , Mr. Scott Gordon, but her request for help only brought to the attention of Mr. Gordon that Mastery still had a visibly disabled student enrolled, to which his response was to support the exile of Romance Ballard from their school. Romance Ballard, an honor roll student at Mastery did nothing deserving of these crimes and was thrown into depression and despair.  Seeing Romance wrongly suffering as a result of long abolished (by law) discrimination, and the abuse to her and her sister, by the school which rejected her for difference and retaliation against her mother, resulted in Mrs. Ballard's emotional distress, physical risk, financial loss, loss of quality of life and caused her right to life and liberty as guaranteed in The U.S. Constitution to no longer exist.

The general welfare of Mrs. Rozelia Ballard has been severely and negatively altered resulting in irreplaceable years of stress, loss of quality life, and undetermined damage to her health from a holistic point.

1. Mrs. Ballard has been deprived of her parental rights to ensure and provide an education and quality life for her daughter, Romance Ballard; causing a vicarious deprivation of life and liberty for Mrs. Ballard.

2. Mrs. Ballard has been disallowed her rights under the written agreement between Mrs. Ballard and the School District of Philadelphia, Confidential Settlement Agreement Re: Romance Ballard, to provide a medical assistant (TSS) for Romance Ballard to enable her to attend school at all times.

3. Mrs. Ballard has been deprived of her ability to provide quality motherly assistance to her daughter Romance Ballard and her other progeny as a result of the enormous and demanding endeavors of time, money, attention, emotional and physical demands she has been forced to invest in the necessities of securing Romance Ballard's rights to FAPE, IDEA and a DESEGREGATED placement within the public funded neighborhood school she attends.

4. Because of the Defendants' willful, intentional and malicious acts of, discrimination, abusive process, conspiracy to defraud, fraud, perjury, defamation, slander, retaliation, harassments, Intentional infliction of emotional distress, breach of contract, directly against Mrs. Ballard and by causing Mrs. Ballard to grievously suffer vicariously as a loving mother the crimes committed against her daughters, Romance Ballard and Steffany Hendon, through empathy and observation, Mrs. Ballard has suffered psychological trauma.

5. Because of Mrs. Ballard's physical challenges as an approaching senior citizen, having been hospitalized in the past for a heart condition and since after under the care of a cardiologist, as well as being the parent of two disabled offspring, the extremity of the unending ordeal put upon her over an extensive period of time by the actions of the defendants constitute the crime of life endangerment.

6. Because of the mental pain and suffering afflicted upon Mrs. Ballard by the actions of the defendants, she suffered a loss of money invested in a correspondence education and a loss of the education afforded in the course and a loss for opportunity to increase her family income upon completion of the interrupted course.

7. As the result of Abusive Process by Mastery School agents, Mrs. Ballard was victimized and investigated as a form of harassment by four different truant officers immediately following Mrs. Ballard's ban from bringing her daughter to school. Mastery

purposely concealed crucial facts from the truant agency when they made their reports against Mrs. Ballard.

8. In spite of the facts that Mrs. Ballard had been responsible for taking Romance to school, and assisting her in the absence of her aide the entirety of Romance's school life (and continued up to the time of retaliation strategies of Mastery agents) as had been agreed upon in previous IEP's, Mastery chose the actions of prevention of her entry to the school to accomplish their purpose. Mastery Charter School never made nor offered alternative means or other arrangements for Romance to arrive safely to her daily class and back.

9. The Defendants have violated antitrust laws that apply to virtually all industries and to every level of business. They by their refusal to allow disabled students access to their school, prevent the operation of employees that support the disabled and their trade. By segregating against disabled citizens, they prevent aides, employees and entities from operating in a money making capacity, and from participating in the educational process and development for the opportunity for quality life of the disabled student. The disallowing of Steffany Hendon to operate in her legally employed right to assist Romance Ballard has caused financial difficulties for Steffany Hendon resulting in additional financial and emotional hardship on Mrs. Ballard by default.

10. The School District of Philadelphia in their efforts to subvert justice, disregarded two courts of law and overrode their rulings to enforce the Confidential Settlement Agreement Re: Romance Ballard, stated their own assertion and refusal to provide the necessary funds belonging to Romance Ballard to help her educational struggles upon written request. This action climaxed years of inapposite and abusive acts against Mrs. Ballard, including The School District's deception and denial of responsibility for the Charter Schools for the application of federal laws within their school to the courts and years of deliberate sabotage against the rights of Mrs. Ballard's daughter's education and against Mrs. Ballard's rights to provide her daughter with the best available public education assessable to her. The School District caused Mrs. Ballard extreme hardship.

11. The Intercommunity Action, Inc. agency agents conspired with the Mastery Charter School and provided false and slanderous documents for them to use to have the aide, Steffany Hendon provided by Mrs. Ballard fired, removed or placed into a position of question as an incompetence and disruptive non-professional aide. The possibility of these documents being permanently filed in the aide's work record was egregiously damaging to Mrs. Ballard psychologically. These actions in particular carried the out a threefold onslaught against Mrs. Ballard. 1. As a threat to the investment made in the life, integrity and career of her daughter, Steffany Hendon for 29 years Mrs. Ballard life investment and sacrifices for her daughter caused her life's work to be threatened. 2. As a part of the employment team that screens and selects quality care assistance for Romance Ballard, knowledge of the fact that total unavailability of another aide willing to suffer the abuse put upon an aide for Romance created great distress to Mrs. Ballard. 3. Knowledge of the

fact that without such an aide, Romance would not be able to go to school created immeasurable distress for Mrs. Ballard.

12.     Intercommunity Action, Inc. Conspired to deceive the U.S. District Courts concerning the federal laws and regulations that govern and protect the aide, as "Disabled by Association" and propagated testimony contrary to the facts in testimony to deprive Mrs. Ballard of her rights to equitable justice for her daughters and thereby prolonged the process to have her daughters return to school and to have Mrs. Ballard's life return to normal as a homemaker for two disabled progenies and overseer of numerous other medical responsibilities for herself and family.

13.     Intercommunity Action, Inc. oppressed the immediate supervising authority over the aide (BSC), Mr. Darnell Day to conspire with them and when he refused, he was removed from his position over Ms. Hendon after five years of successful employment with Intercommunity Action, Inc., causing Mrs. Ballard to bear the additional grief/burden of being the indirect responsible party for his job loss.

14.     Intercommunity Action, Inc. produced a false and inaccurate psychological evaluation for Romance Ballard with the intent for its use in court to support the Mastery Charter School's positions of segregation against Romance Ballard. This action caused Mrs. Ballard the grief of searching for another evaluator to reevaluate Romance, traveling to the evaluator, and investing valuable time and cost for the appointment.

15.     In addition to withholding the aide's pay for lengths of time in attempts to force the aide to quit, and reporting inaccurate information to the staffing agency responsible for hiring the aide Intercommunity Action, Inc. provided Mastery Charter School with false documentation concerning the aides employment being ended to use to prevent her entry into the school illegally and without notice written or otherwise on October 19, 2011.

16.     Mrs. Ballard has spent every available moment seeking remedy for the situations created by the Defendants by constant appointments with attorneys, many of whom were out of the city and called for extensive travel to meet with them; contacting agencies and advocates for representation and keeping appointments with them to no avail. Mrs. Ballard Spent days and nights writing letters asking for help, spent innumerable hours sending out numerous mailings, standing in very long lines at the Post Office and paying unaffordable postage cost for massive mailings. Mrs. Ballard spent extensive time meeting the demands for research in hopes of finding help. Mrs. Ballard made unaffordable payments to legal assistant and trips to the law library for helps with documents. Mrs. Ballard is forced to carry the burdens of attorney's fees owed. Mrs. Ballard has been paying counselor's fees for the necessity of coping with the enormous emotional distress inflicted upon her for simply being a parent who loves and cares for her children.

17. Mrs. Ballard has suffered extreme financial loss as a result of the extreme hardships imposed upon her in order to recover her ability to provide and education and quality life for her daughter, and to return to the normal life of a parent as a citizen of the United States of America.

18. Mrs. Ballard's Constitutional Rights to life and liberty as described have become nonexistent and the violations of these rights continue each and every day of her life awaiting justice.

19. The Defendants have violated The United States Code Annotated, Title 42 ss 12112 (4) (6.), Title 11, Title VI, and Section 504 Disability Discrimination Laws as well as other federal laws such as IDEA and FAPE. As the result of their unlawful and unauthorized actions, they have violated Mrs. Ballard's constitutional rights as a person who is qualified under federal law as a person who is Disabled by Association and a Qualified individual with a disability in her own rights to life and liberty. DHHS Section 504 (45 C.R.F. Part 84)--ADA (28 C.F.R. Part 35, title ii, Subtitle A)--(title 34 C.F.R. 104.33) --(title 34 C.F.R. 104.43) (title 34 C.F.R. Part 104.4b(1), (iv),(v), (vii).

20. Section 504 of the Rehabilitation Act of 1973 (Pub. L. 93-112), as amended, and all requirements imposed by or pursuant to the Regulation of the Department of Health and Human Services (45 C.F.R. Part 84), to the end that, in accordance with Section 504 of that Act and the Regulation, no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from participation in , be denied the benefits of, or be subjected to discrimination under any program or activity for which the Applicant receives Federal financial assistance from the Department; works in conjunction with protecting laws for the associate of the disabled person of whom it speaks.

Discrimination also occurs when an entity aids or perpetuates discrimination by providing significant assistance to an agency, organization, or person that discriminates on the basis of disability (e.g., sponsors a non-district organization that excludes disabled students); and selects the site or location of a facility that has the effect of excluding disabled students. *Plaintiff Request Jury Demand.*

RESPECTFULLY SUBMITTED,

*[signature]*
MRS. ROZELIA BALLARD          5/3/12
5539 Pulaski Avenue
Philadelphia PA 19144

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff request that this Honorable Court grant relief as follows:

(a) Order for return of Plaintiff's daughter, Romance Ballard to her position in school before interruption, in March 2009 as such as an American citizen with rights to complete the ninth and tenth grades at the school she attends, Mastery Charter School; and skip 11th and 12th grade as being completed.

(b) Order for return of Romance Ballard's last aide (TSS), Steffany Hendon to continue to assist her with all rights and privileges afforded to aides of her position.

( c ) Order for 1-1 academic assistant for Romance Ballard to be selected and approved by Mrs. Rozelia Ballard from a non-biased entity or source. The 1-1 academic assistant is to have child abuse clearance, and agreement to meet with parent for in-home consultations concerning the work, progress and overall experience of Romance Ballard's daily school routine no less than three times weekly for fifteen minutes to one hour. The 1-1 academic assistant is to make a daily log of all things concerning Romance consisting of no less than three sentences to however many necessary to keep a current account of Romance's social, emotional and educational needs. Mastery Charter is to pay salary for 1-1 assistant for all school hour services and up to one half hour for after school consoles.  1-1 is to report immediately all misconduct to Mrs. Ballard and/or her attorney.

(d) Declaratory relief and Order of recant of all court testimony, records and any and all material containing slanderous and defamatory statements against Mrs. Ballard and her daughters Romance Ballard and Steffany Hendon from every court record, agency, and documented form comprising such slander and defamation. Mastery Charter School, Intercommunity Action, Inc. and the School District of Philadelphia are to ensure the correction of these records by due diligence within thirty (30) days of the conclusion of the ruling of this Honorable Court.

(e) Order of Addendum is to be submitted to Honorable Court to correct perjuries of January 31, 2011 by testimonials of Defendants.

(f) Order of payment for cost for therapist of Plaintiff's selection for Romance Ballard for emotional damages to Romance Ballard by Defendants until recovered.

(g) Order of monetary award of payment for compensation for two and one half years of missed school to Romance Ballard for use in any and all necessary means of compensating for her missed education.

(h) Order of Punitive and Treble damages to Plaintiff in excess of 120,000.00 from Defendants jointly or severally.

(I) Order to Plaintiff for all cost, attorney fees, travel expenses, mailing and witness fees

(j) Order of award in excess of 120,000.00 to Plaintiff from Defendants jointly or severally.

(k) Order to permit Romance Ballard to participate in all Graduation ceremonies, proms, field trips, events and activities afforded to typical high school students within the abilities of her capacity to participate.

(l) Grant Plaintiff such additional and further relief as the Court may deem just and appropriate.

Respectfully Submitted,

Mrs. Rozelia Ballard

5/3/12

## PROOF OF SERVICE

      I, Rozelia Ballard, hereby certify that a true and correct copy of the herein Complaint In Equity for Permanent Injunction, Preliminary Injunction and Request for Relief, Damages and Sanctions, was served upon the following by First Class U.S. mail, postage prepaid, on the below date:

Miles Shore, Esq.
Office of General Counsel
School District of Philadelphia
440 N. Broad Street, 3rd Floor
Philadelphia, PA  19130

DATE 5/3/12

*[signature: Mrs. Rozelia Ballard]*
MRS. ROZELIA BALLARD
5539 PULASKI AVE.
PHILADELPHIA, PA  19144
(215) 848-5435

## PROOF OF SERVICE

I, Rozelia Ballard, hereby certify that a true and correct copy of the herein Complaint In Equity for Permanent Injunction, Preliminary Injunction and Request for Relief, Damages and Sanctions, was served upon the following by First Class U.S. mail, postage prepaid, on the below date:

Lucas J. Repka, Esq.
King, Spry, Herman, Freund & Faul, LLC.
One West Broad Street, Suite 700
Bethlehem, PA  18018

DATE  5/3/12

MRS. ROZELIA BALLARD
5539 PULASKI AVE.
PHILADELPHIA, PA  19144
(215) 848-5435

## PROOF OF SERVICE

      I, Rozelia Ballard, hereby certify that a true and correct copy of the herein Complaint In Equity for Permanent Injunction, Preliminary Injunction and Request for Relief, Damages and Sanctions, was served upon the following by First Class U.S. mail, postage prepaid, on the below date:

Mr. Scott Gordon, CEO.
Mastery Charter School, Pickett Campus
5700 Wayne Avenue.
Philadelphia, PA  19144

**DATE** 5/3/12

**MRS. ROZELIA BALLARD**
5539 PULASKI AVE.
PHILADELPHIA, PA  19144
(215) 848-5435

## PROOF OF SERVICE

      I, Rozelia Ballard, hereby certify that a true and correct copy of the herein Complaint In Equity for Permanent Injunction, Preliminary Injunction and Request for Relief, Damages and Sanctions, was served upon the following by First Class U.S. mail, postage prepaid, on the below date:

Mr. David Bolin, Executive Director
Intercommunity Action, Inc.
6122 Ridge Avenue
Philadelphia, PA  19128-1603

**DATE** 5/3/12

MRS. ROZELIA BALLARD
5539 PULASKI AVE.
PHILADELPHIA, PA  19144
(215) 848-5435

## PROOF OF SERVICE

      I, Rozelia Ballard, hereby certify that a true and correct copy of the herein Complaint In Equity for Permanent Injunction, Preliminary Injunction and Request for Relief, Damages and Sanctions, was served upon the following by First Class U.S. mail, postage prepaid, on the below date:

Allan M. Tepper, J. D.,
Attorney at Law
1429 Walnut Street, Suite 1001
Philadelphia, PA  19102

**DATE** 5/5/12

*(signature)*
**MRS. ROZELIA BALLARD**
5539 PULASKI AVE.
PHILADELPHIA, PA  19144
(215) 848-5435