# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROZELIA BALLARD,** : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION** |
| v. : | |
| : | |
| **MASTERY CHARTER SCHOOL,** : | **No. 12-2418** |
| *et al.*, : | |
| **Defendants.** : | |
| : | |

## MEMORANDUM OPINION

**RUFE, J.**                                                                  **DECEMBER 14, 2012**

Before the Court are the Motions to Dismiss of Defendants Mastery Charter School, Philadelphia School District, and Intercommunity Action, Inc. For the reasons that follow the Motions will be granted.

### I. BACKGROUND

The Complaint assumes the Court's and the parties' familiarity with a case previously filed by Plaintiff, Rozelia Ballard, in this Court, <u>R.B., a Minor, by the through her Parent [Plaintiff] v. Mastery Charter School</u>, Civ. A. No. 10-6722 ("prior action"), and primarily arises from alleged wrongdoing associated with that case. Because the Court writes primarily for the parties, it states herein only the facts necessary to provide context for its decision.

A.     THE PRIOR ACTION

Mrs. Ballard filed the prior action to enforce, by way of a stay-put injunction, the rights of her daughter, R.B., under the IDEA.[1] Following a hearing held shortly after the Complaint was filed, the Court issued a stay-put injunction requiring that Defendant Mastery Charter School

---

[1] Civ. A. No. 10-6722; Doc. Nos. 1, 2.

reinstate R.B. at its Pickett Campus and dismissed the claims asserted against the Philadelphia School District.[2] Mastery appealed the decision.[3] The appeal remains pending.[4]

During the pendency of the appeal, a dispute arose regarding whether R.B. should be permitted to attend school with Steffany Hendon, Mrs. Ballard's other daughter, acting as R.B.'s Therapuetic Support Staff (TSS) aide.[5] Mrs. Ballard took the position that Mastery's refusal to allow Ms. Hendon to attend school with R.B. violated the Court's stay-put order and filed a motion to hold Mastery in contempt. Mastery took the position that the assigning agency, Intercommunity Action Inc., inadvertently assigned Ms. Hendon as R.B.'s aide, without realizing her relation to R.B. The Court agreed with Mastery regarding the appointment of Ms. Hendon as R.B.'s aide and ordered that another TSS aide be appointed.[6] The Court reserved ruling on the contempt motion.

The Court thereafter referred a pending motion to withdraw filed by counsel for R.B. to now Chief Magistrate Judge Carol Sandra Moore Wells for resolution.[7] Judge Wells denied the motion to withdraw without prejudice and attempted to mediate the dispute.[8] The mediation attempts proved unsuccessful and counsel for R.B. again moved to withdraw.[9] Judge Wells

---

[2] Civ. A. No. 10-6722; Doc. Nos. 28, 29.

[3] Civ. A. No. 10-6722; Doc. No. 34.

[4] Third Circuit No. 11-1009.

[5] R.B.'s Individualized Education Plan ("IEP") provided that she was to attend school with a TSS aide.

[6] Civ. A. No. 10-6722; Doc. No. 59.

[7] Civ. A. No. 10-6722; Doc. No. 60.

[8] Civ. A. No. 10-6722; Doc. Nos. 61-64.

[9] Civ. A. No. 10-6722; Doc. No. 65.

granted this motion.[10] The issues referred to Judge Wells having concluded, this Court considered and denied the motion to hold Mastery in contempt.[11]

Mrs. Ballard, purporting to represent R.B. (after counsel's withdrawal), filed a motion to hold Mastery and the Philadelphia School District in contempt and a second emergency motion for a preliminary injunction.[12] After a hearing on the motions, the Court denied the motions for lack of jurisdiction and cautioned Mrs. Ballard, who is not an attorney, regarding her ability to represent R.B. given that she is not a lawyer.[13] Several months later, Mrs. Ballard filed the current action in which she is the sole named Plaintiff.

B.   THE CURRENT ACTION

Generally, Mrs. Ballard asserts that:

> The unified efforts of [Defendants and their agents] to conspire [sic] for their cause of maintaining a de facto standard segregation against the integration of visibly or moderately disabled students has been the dominate [sic] factor for causing intentional distress and mental anguish to Mrs. Rozelia Ballard by a continual effort to deprive her daughter, [R.B.] of her federal civil rights; and to maliciously slander Mrs. Ballard's and her daughter, Steffany Hendon's reputational rights.[14]

Because Mrs. Ballard sought preliminary injunctive relief in the Complaint, the Court held a hearing shortly after the Complaint was filed. Counsel for all Defendants were present at the hearing and accepted service of the Summons and Complaint on behalf of their clients. At the hearing, the Court denied the request for preliminary injunctive relief as Mrs. Ballard had

---

[10] Civ. A. No. 10-6722; Doc. Nos. 72, 74.

[11] Civ. A. No. 10-6722; Doc. Nos. 83.

[12] Civ. A. No. 10-6722; Doc. Nos. 85, 87.

[13] Civ. A. No. 10-6722; Doc. No. 92.

[14] Compl. (Doc. No. 3) at 1.

failed to show a likelihood of success on the merits and had failed to allege that she was likely to suffer irreparable harm if preliminary injunctive relief was denied.

Thereafter, each Defendant filed a motion to dismiss asserting lack of jurisdiction and failure to state a claim.[15]

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[16] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[17] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[18] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[19] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[20] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[21]

---

[15] Doc. Nos. 17, 18, 21.

[16] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).

[17] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[18] Twombly, 550 U.S. at 555, 564.

[19] Id. at 570.

[20] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).

[21] Id. (quoting McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).

4

"At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'"[22] A 12(b)(1) motion challenging the Court's jurisdiction over the subject matter of the action in question may be based on the face of the complaint or an existence of fact precluding jurisdiction.[23] Where a defendant does not challenge the truthfulness of the facts material to a jurisdictional analysis, a court evaluates the motion as a facial attack, accepting the factual allegations in the complaint as true to determine whether the facts as alleged provide a basis for the court's subject matter jurisdiction.[24] Where a party disputes the facts alleged in the complaint, a court is free to consider and weigh evidence outside the pleadings to resolve factual disputes material to the jurisdictional analysis.[25]

### III. DISCUSSION

While the contours of the Complaint are not clearly defined, when read in the light most favorable to Plaintiff as the non-moving party,[26] and liberally construed,[27] the Complaint asserts six types of claims: (1) a claim for a violation of the Individuals with Disabilities Education Act ("IDEA"),[28] against Mastery Charter School and the Philadelphia School District; (2) a claim pursuant to Section 504 of the Rehabilitation Act of 1973 ("RA"),[29] against Mastery and the

---

[22] Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

[23] Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009).

[24] Petruska, 462 F.3d at 302 n. 3.

[25] Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

[26] Liberty Lincoln-Mercury, Inc. v. Ford Motor Co., 676 F.3d 318, 323 (3d Cir. 2012).

[27] Higgs v. Att'y Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011).

[28] 20 U.S.C. §§ 1400-1419.

[29] 29 U.S.C. § 794.

School District; (3) a claim under the Americans with Disabilities Act ("ADA"),[30] against Mastery and the School District; (4) a claim for conspiracy against all Defendants; (5) a claim for fraud against all Defendants; and (6) state law claims against all Defendants.

A. EXHAUSTION

A party seeking relief under the IDEA, the ADA, or the RA is required to exhaust administrative remedies before filing suit in federal court.[31] However, exhaustion is not required "where: (1) exhaustion would be futile or inadequate; (2) the issue presented is purely a legal question; (3) the administrative agency cannot grant the requested relief; or (4) where exhaustion would work severe or irreparable harm upon a litigant."[32] Here, because of its familiarity with the prior federal action, the Court is aware that Mrs. Ballard has engaged in the administrative process with respect to prior claims of wrongdoing. However, Mrs. Ballard has not alleged any exhaustion attempts with respect to her claims in this case and while exhaustion may be excused in certain circumstances, Mrs. Ballard has not alleged that such circumstances exist here.[33] Accordingly, the IDEA, ADA, and RA claims will be dismissed without prejudice for failure to exhaust. Mrs. Ballard will be granted leave to file an amended complaint to correct this deficiency to the extent she is able to do so.

---

[30] 42 U.S.C. §§ 12101-12300.

[31] Woodruff v. Hamilton Twp. Pub. Sch., 305 F. App'x 833, 837 (3d Cir. 2009) (citing 20 U.S.C. §§ 1415(f), (g), (i)(2)(A)).

[32] Mapp v. William Penn Sch. Dist., No. 99-4440, 2000 WL 1358484, at *3 (E.D. Pa. Sept. 18, 2000) (citing Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 779 (3d Cir. 1994)).

[33] Mrs. Ballard withdrew from the required administrative process in the prior related action and in doing so, essentially prevented the Court from continuing its efforts to address the alleged violations suffered by her daughter.

B.     MRS. BALLARD'S STANDING TO PURSUE THE STATED CLAIMS

In Winkelman v. Parma City School District,[34] the Supreme Court held that the "IDEA grants parents independent, enforceable rights. These rights, which are not limited to certain procedural and reimbursement-related matters, encompass the entitlement to a free appropriate public education for the parents' child."[35] Thus, Winkelman established that parents have independent substantive rights under the IDEA and that parents may prosecute such rights on their own behalf proceeding *pro se*. Winkelman did not address "whether IDEA entitles parents to litigate their child's claims *pro se*."[36] However, the Third Circuit has held that it does not. According to the Third Circuit, although Winkelman permits a parent to prosecute an IDEA claim on his or her own behalf, the holding does not extend to "a broad right to pursue any statutory or common law claims on a child's behalf."[37]

Here, though Mrs. Ballard adamantly denies Defendants' contention that she is attempting to assert the rights of her daughters,[38] the Court reads the Complaint as doing just that with respect to the ADA and RA claims. For example, Mrs. Ballard refers to Defendants' "continual effort to deprive her daughter, [R.B.] of her federal civil rights" and to "their refusal to allow disabled students access to their school."[39] Mrs. Ballard is not permitted to litigate claims for injuries to her daughter in this case, where R.B. is not a named plaintiff.

---

[34] 550 U.S. 516 (2007).

[35] Id. at 533.

[36] Id. at 535.

[37] Woodruff, 305 F. App'x at 836.

[38] Mrs. Ballard does not allege that her daughter Steffany Hendon is disabled. However, Mrs. Ballard appears to allege that Defendants discriminated against Ms. Hendon because of her association with R.B., who is disabled. Thus, according to Mrs. Ballard, Ms. Hendon may have a claim in her own right in addition to any claims R.B. may have.

[39] Compl. at 1, ¶ 9.

7

Additionally, Mrs. Ballard has failed to state an ADA or RA claim her own behalf. Mrs. Ballard does not allege that Defendants discriminated against her on the basis of her disability or the disability of her daughter; she merely alleges that she has been harmed psychologically and emotionally by witnessing Defendants violate her daughter's rights. The ADA and RA simply do not provide redress for such a claim. While the ADA's association provision prohibits an entity from discriminating against an individual who is known to have a relationship with a disabled individual,[40] neither the ADA nor the RA provides a cause of action for an individual who alleges they have been harmed merely by witnessing the violation of another's rights under the ADA or RA.

Thus, regardless of Mrs. Ballard's ability to plead exhaustion with respect to an ADA or RA claim, she is not permitted to pursue claims for injuries to her daughter and has failed to assert a claim on her own behalf. Therefore, these claims will be dismissed with prejudice as to Mrs. Ballard for failure to state a claim. To the extent Mrs. Ballard's daughters have a claim for a violation of the ADA and/or the RA, her daughters may pursue such claims in actions naming them as plaintiffs.

With respect to her IDEA claim, Mrs. Ballard asserts that she "has been deprived of her parental rights to ensure and provide an education and quality life for her daughter, [R.B.]; causing a vicarious deprivation of life and liberty for Mrs. Ballard."[41] If supported by sufficient factual averments, Mrs. Ballard may be able to state a claim on her own behalf for a violation of the IDEA.[42] However, as currently plead, the Complaint lacks factual specificity and fails to

---

[40] See 42 U.S.C. § 12112(b)(4).

[41] Compl. ¶ 1.

[42] Winkelman, 550 U.S. at 535 ("Parents enjoy rights under IDEA; and they are, as a result, entitled to prosecute IDEA claims on their own behalf.").

8

state an IDEA claim. Accordingly, should Mrs. Ballard seek to replead her IDEA claim after exhausting her administrative remedies, she is permitted to do so but must include factual allegations to support her claims.

C. FRAUD AND CONSPIRACY CLAIMS

Federal Rule of Civil Procedure 9(b) requires that a plaintiff state "with particularity the circumstances constituting the fraud."[43] The Complaint here states only that "unified efforts" of Defendants constitute "conspiracy to defraud" and "fraud."[44] The Complaint does not allege the circumstances constituting the fraud or conspiracy to defraud and does not extend beyond Mrs. Ballard's conclusory allegations of wrongdoing. Far from satisfying the heightened pleading requirements of Rule 9(b), the allegations do not even meet the general "plausibility" pleading standard. Thus, to the extent Mrs. Ballard asserts claims for fraud and conspiracy, such claims are dismissed.

D. REMAINING CLAIMS

Throughout the Complaint, Mrs. Ballard states words and phrases which suggest that she has a desire to raise additional claims against Defendants. For example, Mrs. Ballard states that Defendants have committed "perjury, defamation, slander, retaliation, harassment, Intentional infliction of emotional distress, [and] breach of contract," and "have violated antitrust laws."[45] However, Mrs. Ballard has not alleged any facts to support these conclusory assertions of wrongdoing and therefore, has failed to state a claim as to any additional claims. These claims will be dismissed without prejudice for failure to state a claim.

---

[43] Fed. R. Civ. P. 9(b); Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc., 653 F.3d 225, 232-33 (3d Cir. 2011).

[44] Compl. at 1, ¶ 4.

[45] Compl. ¶¶ 4, 9.

## IV. Conclusion

For the foregoing reasons, the Motions to Dismiss will be granted. The ADA and RA claims will be dismissed with prejudice for failure to state a claim. The IDEA claim will dismissed without prejudice for failure to exhaust. The remaining claims will be dismissed without prejudice for failure to state a claim. Mrs. Ballard will be granted leave to file an amended complaint as to all claims dismissed without prejudice (the IDEA, fraud, conspiracy, and other state law claims). Should Mrs. Ballard choose to amend her Complaint, she should limit her claims to those arising from her own injury except to the extent she is able to assert a claim under the IDEA. She is further reminded of the necessity of pleading exhaustion[46] and of pleading fraud with particularity.[47]

An appropriate Order follows.

---

[46] Id. at 837.

[47] Fed. R. Civ. P. 9(b); Ill. Nat'l Ins. Co., 653 F.3d at 232-33.